**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

SHAWN D. JONES,

Plaintiff,

v. CIVIL ACTION NO. 3:26-0494

HUNTINGTON ALLOYS CORPORATION,
a Delaware Corporation,
SPECIAL METALS CORPORATION,
a Delaware Corporation, and
PRECISION CASTPARTS CORP.,
an Oregon Corporation,

Defendants.

**MEMORANDUM OPINION AND ORDER**

On November 10, 2026, the Court issued an Order directing Plaintiff Shawn D. Jones to demonstrate good cause for not serving the Defendants with process. Order Show Cause, ECF No. 5. Plaintiff then filed the instant Motion for Extension of Time to Perfect Service and Response to Order to Show Cause (Resp. Order Show Cause, ECF No. 6). In his Response to the Order to Show Cause, Plaintiff requests a thirty-day extension for service. Resp. Order Show Cause, at 1.

**DISCUSSION**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). "[G]ood cause is commonly

found to 'exist[] when the failure of service is due to external factors, such as the defendant's intentional evasion of service,' but 'significant periods of inactivity' and a 'fail[ure] to seek extension of time before [the] deadline [has] lapsed' tend to undercut any claim of good cause." *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (quoting *Attkisson*, 925 F.3d at 627). Yet, "under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th at 220.

Plaintiff admits that the ninety-day period for service pursuant to Federal Rule of Civil Procedure 4(m) ended on November 4, 2026 and that Defendants were not served during this period. *See* Resp. Order Show Cause ¶¶ 1–2. Plaintiff states that this failure was due to "an inadvertent calendaring mistake" where the deadline was accidentally "set for December 4, 2026, instead of November 4, 2026." *Id.* ¶ 2. Plaintiff makes no other representations concerning efforts or diligence he made in serving Defendants, apart from putting an incorrect date for service on the calendar. Moreover, the untimely service was due to Plaintiff's counsel's own calendaring mistake and was not due to some sort of external factor. *Cf. Gelin v. Shuman*, 35 F.4th at 218. As good cause requires a "showing of diligence on the part of the plaintiffs," the Court is unable to find that good cause exists here. *See Attkisson v. Holder*, 925 F.3d at 627.

Yet, the Court has discretion to grant an extension of time for service notwithstanding Plaintiff failing to show good cause. *See Gelin v. Shuman*, 35 F.4th at 220. Here, Plaintiff's counsel made a simple, yet consequential, calendaring error, which he owned up to. *See* Resp. Order Show Cause ¶ 2. When ordered by the Court to show cause for his failure to serve Defendants within the Rule 4(m) period, Plaintiff filed the Response to the Order to Show Cause the same day. *See* Order

Show Cause; Resp. Order Show Cause. Additionally, no Defendant was timely served, so there are no other potential avenues for relief in the courts without refiling the case. And a refiled case may now be subject to a statute of limitations defense. *See* Resp. Order Show Cause ¶ 12. Moreover, an extension of thirty days for service is unlikely to prejudice any party. Considering these factors together, the Court is persuaded to exercise its discretion and grant an extension for service.

**CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff's request for a thirty-day extension for service of process for Defendants. Plaintiff **SHALL** serve Defendants with process **by December 13, 2026**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 13, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE